## COMMUNITY TRAC. CO. v. FREEMAN

No. 20170.  Supreme Court

On motion to certify.  Dock. Nov. 15, 1926, 4 Abs. 774.

**915.  PERSONAL INJURIES**—Is the alleged negligent act of a street car company in closing the door and starting the car the proximate cause of injuries sustained when a prospective passenger is struck by a machine while moving toward the curb?

Robert Freeman brought suit against the Community Traction Co. in the Lucas Common Pleas to recover damages for injuries claimed to have been sustained in being struck by a machine when a car of the company's which he intended to board, had its doors closed and started while he had one foot on the step, causing him to stagger back toward the curb and to be struck by the machine.

Freeman recovered a verdict in the Common Pleas Court and the Court of Appeals affirmed the judgment thereon.

It seems that when Freeman staggered to the curb due to the alleged negligence of the Company in closing its doors, he was narrowly missed by one machine but that when about three feet from the curb was hit by a second, the aforementioned machine.

The Company took the case into the Supreme Court on motion to certify the record and while denying any liability at all, contends that whatever negligence there might have been in the closing of the door and the starting of the car, it was not the proximate cause of the injury and damage; but that Freeman's injury was due to the independent and intervening act of the automobile which struck him or his own act of carelessness in walking in front of the automobile.

It is claimed that the negligent act complained of does not constitute the proximate cause of Freeman's injury because it is not a natural and continued sequence, unbroken by any new cause; nor is it nearest or next in causation to effect; but it was the automobile or Freeman's own act in walking in front of it that was the nearest or next in causation to effect.

It is contended that the Company owed no duty to Freeman to warn him of the danger of passing automoblies, and that neither the closing of the door and starting of the car rendered his injury possible and probable, nor was it to be reasonably anticipated by a person of ordinary care and prudence; so that the essentials necessary to make an act a proximate cause, are lacking.

**Attorneys**—Tracy, Chapman & Welles for Company; Deeds & Cole for Freeman; all of Toledo.

Note—This case reported in next Digest.

---

## KMETZKO v. STATE

No. 20167.  Supreme Court

On motion to certify.  Dock. Nov. 13, 1926, 4 Abs. 774.

**661.  INTOXICATING LIQUORS**—1.  In order to convict for the unlawful possession of intoxicating liquors, does the state have to prove that said liquor was fit for beverage purposes?

2.  Where a person is away from his place of business all day and liquor is found thereon, does the state have to prove guilty knowledge and collusion on his part?

Steve Kmetzko was arrested and convicted in the Cleveland Municipal Court for the unlawful possession of intoxicating liquors. From the evidence, Kmetzko had been away from his store all day and just as he was returning in the evening a raid was perpetrated upon his store and the only evidence produced against him at his trial was the chemical analysis of some liquid taken from a bowl where the ice cream scoops were kept.  Upon appeal the Cuyahoga Appeals affirmed the lower court and Kmetzko contends in the Supreme Court:

1.  The court should have sustained the motion for a discharge of Kmetzko at the end of the State's case under 6212-14 GC., which among other things provides that in order to convict of unlawful possession the liquor must be fit for beverage purposes.

2.  That from the evidence no other alcoholic beverage was found except that in the ice cream scoop bowl and this was manifestly not fit for beverage purposes.

3.  That the state must prove that the liquid found has a alcoholic content and is fit for beverage purposes.

4.  That Kmetzko was away the day the raid was perpetrated and in order to convict him the state must prove guilty knowledge and collusion on his part.

**Attorneys**—Quigley and Byrnes for Kmetzko; B. W. Griffith for State; all of Cleveland.